IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-485-CMC |
| v. | **OPINION and ORDER** |
| Malik X. Shakur, | |
| Defendant. | |

This matter is before the court on Defendant's motion for reconsideration. ECF No. 248. Defendant argues that this court erred in treating his previously-filed Rule 60(b) motion as a second or successive motion for relief under § 2255. Defendant argues that this court failed to address the merits of his ineffective assistance of counsel claim. Mot. at 4. Additionally, Defendant seeks to "amend and supplement in light of the Supreme Court's ruling in *Descamps v. United States*," 570 U.S. ___, 133 S. Ct. 2276 (2013). *Id.* at 4-5.

On November 29, 2011, summary judgment was granted to the Government, and Defendant's motion for relief under § 2255 was dismissed with prejudice. On December 16, 2011, Defendant filed a motion for reconsideration, to which the Government responded in opposition. On May 29, 2012, the court adopted the reasoning of the Government's response and denied Defendant's motion for reconsideration. *See* Order and Opinion (ECF No. 223, filed May 29, 2012). Defendant thereafter appealed to the Fourth Circuit Court of Appeals. On October 12, 2012, the Fourth Circuit Court of Appeals, in an unpublished per curiam opinion, denied a certificate of appealability and dismissed Defendant's appeal. *See United States v. Shakur*, 484 F. App'x 843 (2012).

As noted in this court's Opinion and Order denying Defendant's previous motion for

1

reconsideration, "Defendant's continued disagreement with this court's previous ruling is not a proper motion for reconsideration, particularly in light of the fact Defendant filed an appeal of the court's previous orders and was denied relief." ECF No. 232 at 1. Accordingly, to the extent Defendant's motion for reconsideration is properly before this court, it is **denied**.

Defendant's motion to "amend and supplement" his previously-filed motion for relief under § 2255 is, in reality, a second or successive motion for relief under § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

      s/ Cameron McGowan Currie
      CAMERON McGOWAN CURRIE
      SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 14, 2014